# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CLARITY SOFTWARE, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil No. 2:12-cv-01609 |
| v. | ) | Judge Mark R. Hornak |
| FINANCIAL INDEPENDENCE GROUP, | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

**Mark R. Hornak, United States District Judge**

Plaintiff Clarify Software, LLC alleges that Defendant Financial Independence Group infringed its copyright in certain marketing presentation software. Defendant counters that Clarity Software, LLC is not and never was a validly organized limited liability company (LLC), and therefore it neither can be the holder of a copyright interest nor can it sue in court. In other words, Defendant claims that Plaintiff lacks standing because it does not exist, and moves to dismiss Plaintiff's First Amended Complaint ("FAC") on that ground, ECF No. 44. For the reasons that follow, Defendant's Motion will be denied without prejudice, and Plaintiff shall be given 30 days to amend the allegations of jurisdiction in his First Amended Compliant as to who is the proper plaintiff in this case.

### I. BACKGROUND

Because the Court writes for the parties, it will not relay all of the facts underlying this case. In 1996, Vincent Heck authored and was the sole owner of a Windows-based version of his "PenD'Calc" software that is at issue in this litigation ("software"). In the late 1990's, when

Heck entered into financial and personal difficulties, he and his friend and C.P.A. Eric Wallace came to an agreement that they would create Clarity Software, LLC, ("Clarity") for the purpose of taking ownership of and marketing the software. In 2003, Wallace told Heck that he had registered Clarity Software as a Pennsylvania limited liability corporation (LLC), and it appears that for years, Clarity was operated as if it were an LLC, including paying its federal and state taxes as an LLC. On August 29, 2003, Heck transferred (or attempted to transfer) his copyright in the software to Clarity. In 2004, a copyright for the software was registered with the Copyright Office, with Clarity as the claimant. ECF No. 31-2. Wallace later assigned his interest in Clarity to Heck, who asserts that he is now the "sole member" of Clarity. Heck (and the parties) did not discover until this litigation was initiated that Wallace did not, in fact, successfully register Clarity as an LLC with the Pennsylvania Department of State, and it has never been registered as an LLC in the Commonwealth of Pennsylvania.

Defendant has moved to dismiss this action under Fed. R. Civ. P. 12(b)(6), on the grounds that Clarity, the sole named Plaintiff in this action, does not exist as a legal entity, and therefore both lacks the capacity to sue and cannot own a copyright. Because Defendant's consistent argument throughout its briefing and at oral argument is that Clarity lacks *standing* to bring the instant action, the Court concludes that the Motion is more properly considered as an attack on this Court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) ("A motion to dismiss for want of standing is properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter.") (internal marks omitted); *see also Klagsbrun v. Va'ad Harabonim of Greater Monsey*, 53 F. Supp. 2d 732, 734 (D.N.J. 1999), *aff'd sub nom.*

2

*Klagsbrun v. Vaad Harabonm of Greater Monsey*, 263 F.3d 158 (3d Cir. 2001) (court may consider under Rule 12(b)(1) motion challenging jurisdiction filed under Rule 12(b)(6)).

Recognizing that "Clarity Software, LLC" was not, at least at the time of filing of this suit, a legal entity registered in Pennsylvania, Plaintiff offered a detailed Affidavit of Vincent Heck, explaining the history of the entity known as Clarity Software, LLC, and of its relationship to the copyrighted software at issue here. See ECF No. 51-1 ("Heck Affidavit"). Additionally, Plaintiff subsequently took various measures to attempt to cure the possible jurisdictional deficiency. On March 7, 2013, Plaintiff registered "Clarity Software, LLC" with the Pennsylvania Department of State, "to protect its ongoing business interests, as well as to cure any alleged defect in its capacity to sue with respect to this litigation." Pl.'s Sur-Reply at 1, ECF No. 55; *id.* Ex. 3, ECF No. 55-3. (This entity will be referred to as the "New Clarity"). Plaintiff asserts additionally/alternatively that to the extent that Heck is still the real party in interest, he may be substituted into the action or ratify it under Fed. R. Civ. P. 17(a)(3). ECF No. 51 at 11.

## II. DISCUSSION

"Under Fed. R. Civ. P. 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough*, 678 F.3d at 243. In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack. *Id.* When a movant brings a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891

(3d Cir. 1977)).[1] To bring a claim for copyright infringement, a plaintiff must show (1) that he owned the copyrighted work, and (2) that the copyrighted work was copied by the defendant. *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002). The Copyright Act provides that copyright ownership "vests initially in the author or authors of the work," 17 U.S.C. § 201(a), and that such ownership "may be transferred in whole or in part by any means of conveyance or by operation of law," *id.* § 201(d). Therefore, the only proper plaintiff with standing in this action for infringement, i.e. the real party in interest, is the one who owns the copyright. Once it has determined who that is in this case, the Court must decide whether that entity may properly serve, or be substituted, as the Plaintiff in the instant action under Article III of the Constitution and the Federal Rules of Civil Procedure, or whether this case must be dismissed and a new suit initiated.

While Plaintiff has offered some facts that shed light on this inquiry, it has not pled or otherwise offered sufficient facts to meet its jurisdictional burden. First and foremost, there are insufficient facts to determine whether "Clarity" or Heck owns the copyright (and whether that "Clarity" is the old Clarity or the New Clarity). If, when Heck and Wallace attempted but failed to register Clarity as an LLC, the resulting entity (whatever it was) still had the legal capacity to hold a copyright, then the copyright transfer from Heck on August 29, 2003 would be valid. If, however, the failed attempt to form an LLC resulted in a legal non-entity incapable of holding a copyright, then Heck's purported transfer of the copyright on August 29, 2003 would be without effect and the ownership would have remained with Heck.

---

[1] Therefore, the fact that Defendants' Motion is construed as a factual 12(b)(1) attack to subject matter jurisdiction also means that the Court may consider evidence outside the pleadings, which would otherwise be barred as to a 12(b)(6) motion. *See CNA v. United States*, 535 F.3d 132, 145 (3d Cir. 2008). Therefore, the Court may consider the Heck Affidavit submitted by Plaintiff as it relates to the jurisdictional issues presented.

4

In the Court's estimation, depending on the facts, and the state of Pennsylvania law of corporations as applied to them, if Clarity Software LLC was not a legitimate LLC, then it may have existed as (1) a partnership, *see, e.g.*, 15 Pa. Cons. Stat. § 8921; (2) a *de facto* corporation, *see Appeal of Riviera Country Club*, 176 A.2d 704, 706 (Pa. Super. Ct. 1961),[2] or (3) some other incorporated or unincorporated business entity or association. Some of those entities have the capacity to hold copyrights and take title to other property; others do not. *See, e.g.*, 15 Pa. Cons. Stat. § 8102. Moreover, depending on the law as applied to the facts, what once was any of the above entities may have ceased being so upon the removal of Heck's business associate Wallace from the equation, and ownership of the copyright would have to be further traced.[3]

Secondly, the status of the entity known as Clarity is also relevant to whether that entity has the capacity to sue. If Clarity is merely the alter ego of Heck, i.e. if Heck is both the party in interest and Heck *is* Clarity, then it is possible that Heck may not need to resort to Fed. R. Civ. P. 17(a)(3) at all in order to inject himself into the litigation as Heck. If, however, Heck *is* the party

---

[2] A de facto corporation requires (1) "a law or charter under which an organization might be effected"; (2) "an attempt to organize which falls so far short of the requirements of the law or charter as to be ineffectual"; and (3) "an assumption and exercise of corporate powers, notwithstanding the failure to comply with the law or charter." *Riviera Country Club*, 176 A.2d at 706. The Heck Affidavit does not offer sufficient facts from which the presence or absence of factors (2) and (3) can be sufficiently ascertained.

[3] Additionally, resolving the above questions should also shed light on the question of copyright registration. The parties have already raised the issue of the legal effect of the registration of the copyright to the software in 2004 in the name of "Clarity Software, LLC." *See* ECF No. 31-2. While the Copyright Act provides that a plaintiff in an infringement action must first register that copyright with the Copyright Office, 17 U.S.C. § 411(a), a plaintiff "may nevertheless cure the jurisdictional defect by subsequently amending or supplementing its complaint once it has registered the copyright." *Morgan v. Hanna Holdings, Inc.*, 635 F. Supp. 2d 404, 409-10 (W.D. Pa. 2009) (collecting caes), *amended*, CIV.A. 07-803, 2010 WL 1286946 (W.D. Pa. Mar. 31, 2010). Of course here, the parties and the Court do not know whether the Plaintiff has a valid registered copyright because we do not know who the proper Plaintiff is. Believing firmly in the rule of "one step at a time," the Court concludes that the only reasonable course here is for everyone to wait until the Court has determined who that person is, and then make sure it/he has a valid registration, rather than force Plaintiff and/or Heck to guess in advance. The Court would note that in its estimation a new copyright registration may well be necessary if Clarity is found to have been non-existent at the time it applied for a copyright in its name, because such an error in the application would most likely not have been "immaterial." *See Kunkel v. Jasin*, 420 F. App'x 198, 199 (3d Cir. 2011).

in interest and Heck is *not* Clarity, then Heck may need to invoke Rule 17(a)(3).[4] While the parties have each offered their own opinions as to whether Heck is or is not Clarity, *see* ECF No. 51 at 9; No. 52 at 7, the Court does not believe it currently has sufficient facts before it from which it can make that call. Conversely, it might be that Clarity both holds the copyright and is a legal entity apart from Heck (either as the old Clarity or as the New Clarity). In that case, perhaps the case is properly filed as is, or perhaps the New Clarity might need to be substituted or added as a Plaintiff in the action.

In the Court's estimation, the menu of possible options as detailed above illustrates the need for additional facts to be pled in order to sort out these thorny questions. Facts that might answer these complex questions would pertain to:

- The terms of and intent underlying the agreement between Heck and Eric Wallace at the time of the formation of Clarity;

- The attempted registration of "Clarity Software, LLC" with the Pennsylvania Department of State by Eric Wallace around 2003, and the source of the registration failure;

- The purported transfer of the copyrighted software at issue on August 29, 2003;

- The dissolution of the PenD'Clac Corporation and the purported transfer of its assets to Clarity;

- The nature and status under Pennsylvania law of the Clarity entity from 2003 to 2008 and from 2008 to present, including assets, officers, directors, employees, taxes, licenses, etc.;

- The purported assignment of Wallace's "ownership interest in Clarity" to Heck in 2008;

- The registration of the New Clarity, its assumption of any business interests formerly owned by the old Clarity, and its current nature.

---

[4] Given the Court's limited ruling here, it need not now express an opinion on whether Article III presents a separate barrier to using Rule 17 to substitute a party in interest in a case where the original plaintiff was never the proper party in interest.

Again, while the Heck Affidavit has provided some helpful initial background of some of those facts and events, Plaintiff must plead more jurisdictional facts in order to adequately support and flesh out the rather sparse assertions of the Affidavit in order to demonstrate the ownership of the copyright and the capacity of any plaintiff to sue under Pennsylvania and federal law.

In short, based on the facts as now alleged, Plaintiff has made a colorable claim that the software allegedly infringed was owned (a) by Vincent Heck or (b) by a Clarity entity to which Heck is closely related. But while the list of potential copyright claimants here is small, it still remains stubbornly in the plural. Under the facts here, the Court concludes that Plaintiff has not met its burden in demonstrating in its FAC that the Plaintiff in this case is the proper party Plaintiff in interest, and therefore, that this action may proceed as currently styled.[5] In this context, 28 U.S.C. §1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms. . . ." The Court believes that denying Defendant's Motion without prejudice and allowing Plaintiff thirty (30) days to amend any defective allegations of jurisdiction regarding who is the proper plaintiff in this case is both authorized by Congress and is in the spirit of Fed. R. Civ. P. 1 and 15(a)(2). The Court also notes that Defendant is not prejudiced by this approach; it may reassert its Motion after Plaintiff has made an amended filing. Moreover, under the facts advanced so far, it is apparent that *somebody* has a colorable claim under the Copyright Act against Defendant; Plaintiff has made an initial assertion that a valid copyright exists here, it just remains to be determined who will be on the opposite side of the case caption from Defendant.[6]

---

[5] It also follows that, to the extent that Heck has asserted that he is the proper party in interest and may be substituted via Rule 17, he has not adequately demonstrated that *he* is, in fact, the party in interest. The Court sees no wisdom in substituting in a party in interest "in the alternative"; rather, it concludes that now is the time to resolve that crucial issue.

[6] *See also Fed. Ins. Co. v. Richard I. Rubin & Co., Inc.*, 12 F.3d 1270, 1284 n. 11 (3d Cir. 1993); *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 197 (3d Cir. 2003) (allowing jurisdictional discovery to determine facts relating to subject matter jurisdiction).

## III. CONCLUSION AND ORDER

Therefore, it is hereby **ORDERED** that Defendant's Motion to Dismiss, ECF No. 44, is **DENIED WITHOUT PREJUDICE**. The pendency of the action will be **STAYED**, and Plaintiff shall have up to and including June 10, 2013 to amend the FAC and cure any defective pleading as to jurisdiction in the FAC. Should Plaintiff fail to make such an amended filing, Defendant's Motion will be **GRANTED** and the case shall be dismissed. Further, Defendant shall have twenty-one (21) days from the date of any such amended filing to answer or move pursuant to Fed. R. Civ. P. 12.

Mark R. Hornak
United States District Judge

Dated: May 7, 2013

cc: All counsel of record

8